CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN NEIL PANFILE, SR., | ) | Civil Action No. 7:11-cv-00212 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Allen Neil Panfile, Sr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court conditionally filed the petition, advised petitioner that the petition appeared untimely, and granted petitioner the opportunity to respond. Petitioner responded, and the matter is ready for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I dismiss the petition as untimely filed.

I.

The Circuit Court for the City of Waynesboro entered petitioner's criminal judgment on September 24, 2008. Petitioner filed a direct appeal to the Court of Appeals of Virginia, which was dismissed on February 13, 2009. The Court of Appeals dismissed the appeal because he did not file a petition for appeal, allegedly because of ineffective assistance of appellate counsel. Petitioner did not appeal the dismissal to the Supreme Court of Virginia.

Petitioner filed his state habeas petition with the Circuit Court on January 7, 2010, which was dismissed on April 16, 2010. Petitioner did not present his habeas claims to the Supreme Court of Virginia.

Petitioner filed his first federal habeas petition in September 2010, which I dismissed without prejudice as unexhausted. Panfile v. Johnson, No. 7:10-cv-00425, slip op. at 3 (W.D.

Va. Oct. 29, 2010). Petitioner filed his second federal habeas petition in March 2011, which I again dismissed as unexhausted. Panfile v. Johnson, No. 7:11-cv-00104, slip op. at 3 (W.D. Va. Mar. 14, 2011). Petitioner filed the instant federal habeas petition in May 2011.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. Hill v. Braxton, 277

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in March 2009, when the time expired for petitioner to note an appeal of the Court of Appeal's dismissal of his direct appeal to the Supreme Court of Virginia. Petitioner filed his state habeas petition in January 2010, ten months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). The Circuit Court denied the habeas petition in April 2010. Accordingly, the time the habeas petition was pending before the Circuit Court is tolled, and the federal habeas statute of limitations began running again in April 2010.

Petitioner filed his first unexhausted federal habeas petition in September 2010, more than three months after petitioner no longer had a collateral attack pending in state court. However, I dismissed this first petition and a second petition without prejudice as unexhausted, and petitioner filed the instant petition in May 2011, more than a year after the Circuit Court dismissed his state habeas petition.

Although petitioner still has not presented his habeas claims to the Supreme Court of Virginia, his present federal petition is untimely. Petitioner's prior federal petitions do not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore d[oes] not toll the limitation period during the pendency of respondent's first federal habeas petition."). Even tolling the period when his state collateral attack was pending before the Circuit Court, more than twelve months passed between when petitioner's conviction became

3

final and when he filed the instant federal petition. Accordingly, petitioner failed to timely file the instant petition, and I must dismiss it unless I equitably toll the statute of limitations.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because he is pro se, he is unfamiliar with the law, and his correctional facility did not provide him assistance via a functional law library, inmates trained in law, or an institutional attorney. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Petitioner's complaints about the quality of the prison's legal resources or frequency of the institutional attorney's visits also do not provide a basis for equitable tolling. See also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); Harry v. Johnson, No.

2:06cv28, 2006 U.S. Dist. LEXIS 78413, 2006 WL 3299992, *3 (E.D. Va. Oct. 25, 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling). Moreover, it appears that petitioner has still not yet presented his habeas claims to the Supreme Court of Virginia despite my prior discussions on the matter. Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 14th day of September, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge